

**SO ORDERED.**

**SIGNED this 22nd day of August, 2025.**

Dale L. Somers
United States Chief Bankruptcy Judge

---

*Designated for Online Publication*
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re:<br><br>Anjannette M. Patterson,<br><br>Debtor. | Case No. 19-22213<br>Chapter 13 |
| Anjannette M. Patterson,<br><br>Plaintiff,<br>v.<br><br>Educational Credit Management Corp.,<br><br>Defendant. | Adversary No. 24-06015 |

**Memorandum and Order Denying Plaintiff's**
**Motion for Summary Judgment**

Plaintiff, Anjannette M. Patterson (the "Debtor"), seeks summary judgment on her complaint (the "Complaint")[1] that her student loan debts impose an undue

[1] Doc. 1.

hardship and should be fully discharged pursuant to 11 U.S.C. § 523(a)(8).[2] Defendant, the Educational Credit Management Corp. ("ECMC"), responded to the motion for summary judgment (the "Motion").[3]

For the following reasons, the Debtor's motion for summary judgment is denied. The uncontroverted facts do not provide a sufficient basis for determining if the debts are fully dischargeable as a matter of law.

## I. Uncontroverted Background Facts[4]

The Debtor is 53 years old and divorced. She has one child, a 23-year-old son, who is attending college and currently lives with the Debtor; she pays most of her son's household expenses and claimed him as a dependent on her 2020 – 2023 income tax returns.

Since turning 18, the Debtor has attended the following schools and pursued or obtained the following degrees:

a) University of Kansas (1989-1992) (studied for Bachelor of Arts);

b) Kansas State University (1994-1996) (earned Bachelor of Arts in political science);

c) University of Missouri – Kansas City (2007) (studied for graduate program);

d) Webster University (2009-2010) (studied for Masters of Liberal Arts);

e) University of Phoenix (2010-2011) (studied for Masters of Liberal Arts); and

[2] All statutory references are to Title 11 of the United States Code (the Bankruptcy Code) unless otherwise indicated.

[3] The Debtor appears by Gary Mardian. ECMC appears by Larry Bork.

[4] These are derived from the parties' Pretrial Order (Doc. 89), the Debtor's Memorandum in support of motion for summary judgment and supporting affidavit/exhibits (Doc. 80), ECMC's response to the Motion (Doc. 92), and the Debtor's Reply to ECMC's response (Doc. 93).

f) Baker University (2012-2014) (earned Masters of Liberal Arts).

At the time of her bankruptcy filing, she owed $439,486.53 of student loan debt.

The Debtor currently works two jobs, full-time at WellSky and part-time at Shawnee Mission Medical Center. She works approximately 65 hours per week.

Per a state court order entered in 2001, the Debtor was supposed to receive monthly payments of $228 in child support. However, she did not receive any payments until 2007, and they have been sporadic since then.

## II. Procedural History

The Debtor filed her Chapter 13 bankruptcy on October 17, 2019. Four student loan claims were filed in the case: 1) Ascendium Education Solutions, Inc. filed a claim for $197,877.37,[5] 2) Missouri Higher Education Loan Authority filed a claim for $25,191.04,[6] 3) Texas Guaranteed Student Loan Corporation, d/b/a Trellis Company, filed a claim for $66,521.08,[7] and 4) ECMC filed a claim for $63,500.09.[8] The Debtor's Chapter 13 Plan was confirmed on December 13, 2019, requiring the Debtor to make monthly payments of $60 to the Trustee. In April 2024, the Debtor completed her plan payments. She received a discharge on June 26, 2024.

The Debtor initiated this Adversary Proceeding on June 10, 2024, for a determination that her student loan debts impose an undue hardship and should be

[5] Proof of Claim No. 1. This claim was transferred to ECMC on June 17, 2024.
[6] Proof of Claim No. 2.
[7] Proof of Claim No. 7. This claim was later withdrawn.
[8] Proof of Claim No. 11. ECMC subsequently filed an amended claim for $51,069.72, Proof of Claim 11-2.

discharged. ECMC answered the Complaint.[9] On March 25, 2025, the Debtor filed this Motion. ECMC responded and the Debtor subsequently replied.

## III. Analysis

### A. Jurisdiction and Standard for Summary Judgment

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Federal Rule of Civil Procedure 56 requires a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] When analyzing a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party.[11] An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[12] "Material facts" are those that are "essential to the proper disposition of [a] claim" under applicable law.[13]

The moving party bears the initial burden of demonstrating—by reference to pleadings, depositions, answers to interrogatories, admissions, or affidavits—the

---

[9] The Complaint named several entities as Defendants, but ECMC is the sole remaining Defendant. The Complaint against Defendant U.S. Bank National Association was dismissed without prejudice pursuant to a Stipulation and Agreed Order entered on September 17, 2024. (Doc. 60). Defendant Texas Guaranteed Student Loan Corporation d/b/a Trellis Company was also dismissed, without prejudice, pursuant to an Agreed Order Granting Motion to Dismiss entered on November 15, 2024 (Doc. 73). The student loans claimed by Defendant United States Department of Education were discharged pursuant to an Agreed Judgment entered on April 10, 2025 (Doc. 86).

[10] Rule 56 is made applicable to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7056.

[11] *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

[12] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[13] *Id.*

absence of genuine issues of material fact.[14] If the moving party meets its initial burden, the nonmoving party cannot prevail by relying solely on its pleadings.[15] "Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation."[16]

An examination of undue hardship under § 523(a)(8) is fact intensive. Therefore, if any relevant facts are controverted, the issue of undue hardship is not amenable to summary judgment.[17]

**B. Nondischargeability Under § 523(a)(8)**

Section 523(a)(8) provides that an educational loan is not dischargeable in bankruptcy "unless excepting such debt from discharge ... would impose an undue hardship on the debtor and the debtor's dependents."[18] A debtor seeking to discharge a student loan has the burden to prove that the loan is dischargeable.[19]

The Bankruptcy Code does not define "undue hardship," but the Tenth Circuit has adopted the three-part *Brunner* test,[20] which requires the debtor to prove: (1) that the debtor cannot maintain, based on current income and expenses, a

---

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[15] *United States v. Dawes*, 344 F. Supp. 2d 715, 717–18 (D. Kan. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).
[16] *Id.*
[17] *Tinder v. U.S. Dept. of Educ.* (*In re Tinder*), No. 06-9106, 2007 WL 2532869, at *2 (Bankr. N.D. Iowa Aug. 31, 2007).
[18] 11 U.S.C. § 523(a)(8).
[19] *Buckland v. Educ. Credit Mgmt. Corp. (In re Buckland)*, 424 B.R. 883, 889 (Bankr. D. Kan. 2010).
[20] *Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302, 1309 (10th Cir. 2004). *See also Murray v. Educ. Credit Mgmt. Corp. (In re Murray)*, 563 B.R. 52, 57–58 (Bankr. D. Kan. 2016), *aff'd sub nom., Educ. Credit Mgmt. Corp. v. Murray,* No. 16-2838, 2017 WL 4222980 (D. Kan. Sept. 22, 2017).

"minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.[21]

**C. Controverted Facts**

ECMC has controverted several facts asserted by the Debtor.[22] For example, ECMC asserts the Debtor has not identified any details regarding the alleged application for an income-based repayment plan, and her statement that she was unable to afford the monthly payments under that plan is conclusory. Likewise, ECMC asserts the Debtor's statement regarding her need for a newer, more reliable vehicle is conclusory.[23]

Additionally, ECMC disputes the Debtor's statement that $.67 remains after subtracting her monthly expenses ($3,563.32) from her monthly net income earned from her two jobs ($3,563.99). ECMC points to the Debtor's bank statements from December 16, 2023, through August 15, 2024, showing monthly deposits from the

[21] *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987)).

[22] The Court does not deem some of the facts controverted by ECMC to be material to the issue before it. Therefore, the Court is discussing those facts which it deems material. ECMC's assertions are derived from its response to the Motion and accompanying exhibits (Doc. 92) and the Debtor's assertions are derived from her reply to ECMC's response (Doc. 93).

[23] While the only support for Debtor's statement that she needs a new vehicle is her affidavit, and that is admittedly conclusory, it is logical to draw that conclusion given one car has 159,000 miles on it and the other has 145,000 miles on it. ECMC did not controvert the facts about the mileage. Notably, the Debtor presented no evidence on what she predicts the new car payments will be. *See* Doc. 80, Exh. 5.

Debtor's employers averaging $4,093.46,[24] with total monthly deposits averaging $4,389.29.

ECMC also disputes the Debtor's statement that she lives paycheck to paycheck and does not have an "emergency fund,"[25] citing the Debtor's bank statements indicating an average checking account balance of approximately $1,400. The Debtor counters (without documentary evidence) that the deposits from sources other than her employment are minimal and represent transfers to and from family members. Further, ECMC notes that both the Debtor's interrogatory responses and statement of uncontroverted facts indicate Debtor has three retirement accounts.

Finally, the parties dispute the correct amount of the Debtor's payroll deductions, specifically for taxes. ECMC asserts the Debtor's Amended Schedule I shows a monthly deduction of $1,484 for Medicare, Social Security, and state and federal taxes, yet the Debtor's paystubs show deductions of approximately $900. The Debtor acknowledges that the actual amount of withholding for taxes is less than what is listed on her Amended Schedule I, but contends she owed income tax debt as of March 2025 from multiple tax years and owes more tax debt as a result.[26]

## IV. Conclusion

The undue hardship determination in the context of the dischargeability of student loan debt relies heavily on facts. The Court acknowledges the Debtor has

---

[24] In her Reply, the Debtor does not dispute this amount. After doing the calculations, however, the Court questions the accuracy of this amount.
[25] Doc. 80, ¶34.
[26] Doc. 80, Exh. 6.

presented some compelling arguments for discharging ECMC's debt. However, based on the record before it, the Court concludes the Debtor failed to meet her burden of proving the absence of controverted facts as to each element of the *Brunner* test. Specifically, there is conflicting evidence regarding the Debtor's current income and expenses. There is also a lack of evidence as to whether this state of affairs will persist throughout the repayment period of ECMC's debt. Accordingly, the Court denies the Debtor's Motion in favor of ruling on all issues with a fully developed record after trial.

The parties are directed to appear at a status conference that will be set for September 11, 2025 at 1:30 p.m.

**It is so ordered.**

# # #